**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------- x
                                                              :
In re:                                                        :        **Chapter 15**
                                                              :
THE CANNABIST COMPANY                                         :        **Case No. 26-10426 (BLS)**
HOLDINGS INC., *et al.*,                                      :
                                                              :
        Debtors in a Foreign Proceeding.[1]                   :        **(Jointly Administered)**
                                                              :
------------------------------------------------------------- x        Re: Docket No. 3

**ORDER GRANTING PROVISIONAL RELIEF**
**PURSUANT TO SECTION 1519 OF BANKRUPTCY CODE**

Upon the *Motion for Provisional Relief Pursuant to Section 1519 of Bankruptcy Code* (the "**Motion**")[2] of The Cannabist Company Holdings Inc., in its capacity as the authorized foreign representative (the "**Foreign Representative**") of the above-captioned Debtors (the "**Debtors**") seeking entry of an order granting provisional relief (the "**Order**") under the Bankruptcy Code to protect the Debtors and their property within the territorial jurisdiction of the United States pending recognition of the Debtors' proceeding currently pending in Canada pursuant to the CCAA (the "**Canadian Proceeding**"); and upon this Court's review and consideration of the Motion, the CRO Declaration, and the Nicholson Declaration; this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and sections 105(a) and 1501, 1517, 1519, and 1521 of the Bankruptcy Code;

---

[1]   The Debtors in the Chapter 15 Cases, together with the last four digits of their federal tax identification number or Canadian business number, as applicable, are: (i) The Cannabist Company Holdings Inc. (8978) and (ii) The Cannabist Company Holdings (Canada) Inc. (9428).  The location of the Parent Company's registered office and the Debtors' service address is: 666 Burrard St #1700, Vancouver, British Columbia V6C 2X8, Canada. Additional information may be obtained on the website of the Debtors' information agent at https://www.veritaglobal.net/CCGroup.

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); the Foreign Representative asserting venue is proper before this Court pursuant to 28 U.S.C. § 1410; appropriate, sufficient, and timely notice of the Motion and the hearing thereon having been given pursuant to Bankruptcy Rules 1011(b) and 2002(q) and Local Rule 9013-1(m); and upon the record established at such hearing; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; it appearing that the relief requested in the Motion is necessary and beneficial to the Debtors; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

C.    This is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court may enter a final order consistent with Article III of the United States Constitution.

D.    The Foreign Representative asserts that venue is proper in this District pursuant to 28 U.S.C. § 1410.

RLF1 35571181v.1

E.      There is a substantial likelihood that the Foreign Representative will successfully demonstrate that the Canadian Proceeding constitutes a "foreign main proceeding," or, in the alternative, a "foreign nonmain proceeding," as defined in sections 1502(4) and 1502(5), respectively, of the Bankruptcy Code and that the Court will determine that the additional relief, including the relief under sections 362 and 365, is necessary to effectuate the purpose of chapter 15 and the assets of the Stay Parties and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

F.      The commencement or continuation of any action or proceeding in the United States against the Stay Parties should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Canadian Proceeding, and either (a) such relief will not cause an undue hardship to other parties in interest or (b) any hardship caused by such relief is outweighed by the benefits of the relief requested.

G.      Consistent with the findings by the Canadian Court and relief granted under the Initial Order, unless a preliminary injunction is issued with respect to the Stay Parties, and to the same extent provided in the Initial Order, there is a material risk that the Debtors' creditors or other parties in interest in the United States could use the Canadian Proceeding and the Chapter 15 Cases as a basis to exercise certain remedies or to terminate executory contracts or unexpired leases with respect to the Stay Parties.

H.      Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, (b) interfere with and cause harm to the Debtors' efforts to administer the Canadian Proceeding, (c) interfere with the Debtors' operations, and (d) undermine the Debtors' efforts to achieve an equitable result for the benefit of all of the CC Group's creditors.  Accordingly, there is a material risk that the Debtors may suffer immediate and

RLF1 35571181v.1

irreparable injury, and it is therefore necessary that the Court enter this Order.

I.     The interest of the public will be served by the Court's entry of this Order.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.     The relief requested by the Motion is granted to the extent set forth herein.

2.     Beginning on the CCAA Commencement Date and continuing until the date of entry of an order of this Court recognizing the Canadian Proceeding as a "foreign main proceeding" or "foreign nonmain proceeding" as defined in section 1502(4) of the Bankruptcy Code and the Foreign Representative as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code), with respect to the Debtors, the Initial Order (as entered by the Canadian Court), attached hereto as **Exhibit 1**, is hereby given full force and effect on a provisional basis, including that, among other things:

    a.  The protections of sections 362 and 365(e) of the Bankruptcy Code apply to the Debtors;

    b.  All persons and entities are enjoined from taking any actions inconsistent with the Initial Order and from seizing, attaching, and enforcing or executing liens or judgments against the Stay Parties' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Stay Parties' assets or agreements in the United States without the express consent of the Foreign Representative;

    c.  All persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Stay Parties or their assets or proceeds thereof, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Stay Parties or their assets or proceeds thereof;

4

d.  All persons and entities are enjoined from creating, perfecting, seizing, attaching, enforcing, or executing liens or judgments against the Stay Parties' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Stay Parties' assets or agreements in the United States without the express consent of the Foreign Representative;

e.  All persons and entities are enjoined from commencing the suit, action, or proceeding against the Stay Parties, the Foreign Representative, the Monitor, or the directors or officers of the Debtors or the Subsidiaries in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken in connection with the Chapter 15 Cases or the Canadian Proceeding;

f.  All persons and entities who are counterparties to a lease of premises or other executory contract that the Debtors or their Subsidiaries are party to or guarantor of located within the United States are hereby prohibited from taking any steps to cancel, terminate, or modify such leases or executory contracts for any reason, including non-payment of rent and/or due to any provision in such contract or lease that conditioned upon commencement of the Canadian Proceeding or a case under the Bankruptcy Code or the insolvency or financial condition of the Debtors or any of their affiliates; enforcing any "landlord lien", possessory lien or similar lien against any property of the Debtors and their Subsidiaries; changing the locks or codes on any such premises; or commencing or continuing any eviction or similar proceedings.

3.  Pursuant to Bankruptcy Rule 7065, the security provisions of rule 65(c) of the Federal Rules of Civil Procedure are waived.

4.  The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or Local Rules or orders of this Court.

5.  No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceeding, this Order, the Chapter 15 Cases, or any adversary proceeding herein, or

5

any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded to such persons under sections 306 and 1510 of the Bankruptcy Code.

6.  Beginning on the CCAA Commencement Date and continuing until the date of entry of an order of this Court recognizing the Canadian Proceeding as a "foreign main proceeding" or "foreign nonmain proceeding" all persons and entities subject to the jurisdiction of the United States are provisionally enjoined and restrained from taking any actions inconsistent with the Initial Order or any documents connected or related thereto, or interfering with the enforcement and implementation of the Initial Order.

7.  The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted by this Order.

8.  This Order is without prejudice to the Foreign Representative requesting any additional relief in the Chapter 15 Cases, including seeking recognition and enforcement by this Court of any further orders issued by the Canadian Court.

9.  This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

10.  Any party in interest may make a motion seeking relief from, or modification of, this Order, by filing a motion on not less than seven (7) business days' written notice to (i) counsel for the Foreign Representative, and (ii) the Office of the United States Trustee, and the Court will hear such motion on a date to be scheduled by the Court.  Notices to counsel for the Foreign Representative should be addressed to (i) Richards, Layton & Finger, P.A., 920 North King Street, Wilmington, DE 19801 (Attn.: Zachary I. Shapiro, Esq. (shapiro@rlf.com), Brendan J. Schlauch (schlauch@rlf.com), and Zachary J. Javorsky (javorsky@rlf.com)) and (ii) Weil, Gotshal & Manges LLP, (x) 1395 Brickell Avenue, Suite 1200 Miami, Florida 33131, (Attn.:

RLF1 35571181v.1

David J. Cohen, Esq. (davidj.cohen@weil.com)) and (y) 767 Fifth Avenue, New York, New York 10153 (Attn.: Garrett A. Fail, Esq. (garrett.fail@weil.com), Alexander P. Cohen, Esq. (alexander.cohen@weil.com), and Andrew J. Clarke, Esq. (andrew.clarke@weil.com)).  Notices to the Office of the United States Trustee should be addressed to Office of the United States Trustee, 844 North King Street, Suite 2207, Wilmington, DE 19801, Attn.: Jonathan Lipshie.

11.     Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

**Dated: March 26th, 2026**
**Wilmington, Delaware**

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

7