## Exhibit 1

**Certified Copy of the Initial Order**

8

Electronically issued / Délivré par voie électronique : 24-Mar-2026
Superior Court of Justice - Toronto - Commercial List / Cour supérieure de justice

Court File No./N° du dossier du greffe: CL-26-00000122-0000



Court File No. CL-26-00000122-0000

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | TUESDAY, THE 24TH DAY |
| | ) | |
| JUSTICE J. DIETRICH | ) | OF MARCH, 2026 |

**IN THE MATTER OF THE *COMPANIES' CREDITORS***
***ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED**

**AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF THE CANNABIST COMPANY HOLDINGS INC. AND THE CANNABIST COMPANY HOLDINGS (CANADA) INC.**

(Applicants)

**INITIAL ORDER**

**THIS APPLICATION**, made by The Cannabist Company Holdings Inc. (the "**Parent Company**") and the Cannabist Company Holdings (Canada) Inc. (collectively, the "**Applicants**"), for an initial order pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "**CCAA**") was heard this day by judicial videoconference via Zoom.

**ON READING** the affidavit of Curt Kroll sworn March 23, 2026 (the "**Kroll Affidavit**") and the Exhibits thereto, the affidavit of Grant Kassel sworn March 24, 2026 (the "**Kassel Affidavit**") the pre-filing report of FTI Consulting Canada Inc. ("**FTI**"), in its capacity as the proposed monitor of the Applicants dated March 24, 2026 (the "**Pre-Filing Report**"), and the consent of FTI to act as the monitor of the Applicants (in such capacity, the "**Monitor**"), and on being advised that the secured creditors who are likely to be affected by the charges created herein were given notice, and on hearing the submissions of counsel for the Applicants, counsel for FTI, counsel for the Supporting Noteholders and such other parties as listed on the Counsel Slip, with no one else appearing although duly served as appears from the affidavit of service of Brittney Ketwaroo sworn March 24, 2026.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE JOUR DE

REGISTRAR

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

GREFFIER

**SERVICE**

1.      **THIS COURT ORDERS** that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

**DEFINED TERMS**

2.      **THIS COURT ORDERS** that capitalized terms used but not defined in this Order shall have the meanings given to them in the Kroll Affidavit, and all references to currency in this Order shall be references to U.S. dollars unless otherwise specified.

**APPLICATION**

3.      **THIS COURT ORDERS AND DECLARES** that both of the Applicants are companies to which the CCAA applies. Although not Applicants, the entities listed under Schedule "A" hereto shall have the benefits of the protections and authorizations provided by this Order (collectively, the "**Subsidiaries**", and together with the Applicants, the "**CC Group**").

**POSSESSION OF PROPERTY AND OPERATIONS**

4.      **THIS COURT ORDERS** that the Applicants shall remain in possession and control of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "**Property**"). Subject to further Order of this Court and the terms of the Support Agreement (which remains subject to this Court's approval at the Comeback Hearing (as defined herein)), the Applicants shall continue to carry on business in a manner consistent with the preservation of their business (the "**Business**") and Property. The Applicants are authorized and empowered to continue to retain and employ their employees, contractors, advisors, consultants, agents, experts, appraisers, valuators, brokers, accountants, counsel and such other persons (collectively "**Assistants**") currently retained or employed by them, with liberty to retain such further Assistants as they deem reasonably necessary or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

5.      **THIS COURT ORDERS** that the CC Group shall be entitled to continue to utilize their existing central cash management system currently in place or replace it with another substantially similar central cash management system (the "**Cash Management System**") and that any present or future bank providing the Cash Management System shall not be under any

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE

BREVET LA PRÉSENTE ATTESTE QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU
JOUR DE

REGISTRAR                                    GREFFIER

obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management System, or as to the use or application by the CC Group of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person or Persons (as hereinafter defined) other than the CC Group, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, an unaffected creditor under any plan of arrangement or compromise under the CCAA with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System on or after the date of this Order.

6.    **THIS COURT ORDERS** that, subject to the terms of the Support Agreement (which remains subject to this Court's approval at the Comeback Hearing), the Applicants shall be entitled but not required to pay the following expenses whether incurred prior to, on or after this Order, as may be amended from time to time:

(a)    all outstanding and future wages, salaries, employee and pension benefits, vacation pay and employee and director expenses payable on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements;

(b)    the fees and disbursements of any Assistants retained or employed by the Applicants in respect of these proceedings, at their standard rates and charges;

(c)    all outstanding and future amounts related to honouring customer loyalty and reward programs, incentives, offers and benefits, whether existing before or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing policies and procedures; and

(d)    with the consent of the Monitor and in each case as contemplated by the Cash Flow Forecast, amounts owing for goods and services actually supplied to the Applicants prior to the date of this Order, with the Applicants and Monitor considering, among other factors, whether:

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE            JOUR DE

REGISTRAR                    GREFFIER

(i)     the supplier or service provider is essential to the Business and ongoing operations of the Applicants and the payment is required to ensure ongoing supply;

(ii)     making such payment will preserve, protect or enhance the value of the Property or the Business; and

(iii)     the supplier or service provider is required to continue to provide goods or services to the Applicants after the date of this Order, including pursuant to the terms of this Order,

provided, however, that the aggregate of all such payments referred to in paragraph 6(d) shall not exceed $4,000,000 without further Order of this Court.

7.     **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein and subject to the terms of the Support Agreement (which remains subject to this Court's approval at the Comeback Hearing), the Applicants shall be entitled, but not required, to pay all reasonable expenses incurred by the Applicants in carrying on their Business in the ordinary course after the date of this Order, and in carrying out the provisions of this Order, which expenses shall include, without limitation:

(a)     all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors' and officers' insurance), maintenance and security services; and

(b)     payment for goods or services actually supplied to the Applicants following the date of this Order.

8.     **THIS COURT ORDERS** that, the Applicants shall, in accordance with legal requirements, remit or pay:

(a)     any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from employees' wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) income taxes; (iv)

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE _____ JOUR DE _____

REGISTRAR _____ GREFFIER

statutory deductions in the United States; and (v) 401(k) contributions in respect of employees domiciled in the United States;

(b)     all goods and services or other applicable sales taxes (collectively, "**Sales Taxes**") required to be remitted by the Applicants in connection with the sale of goods and services by the Applicants, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order; and

(c)     any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured creditors and which are attributable to or in respect of the carrying on of the Business by the Applicants.

9.     **THIS COURT ORDERS** that any and all payments made by Parma Holdco LLC to the Applicants pursuant to the Employee Leasing Agreement (as defined in the Kassel Affidavit), shall be used exclusively for the purpose of satisfying wages, salaries and associated employer payroll remittances and benefits relating to those personnel covered by the Employee Leasing Agreement.

10.     **THIS COURT ORDERS** that until a real property lease is disclaimed in accordance with the CCAA, the Applicants shall pay all amounts constituting rent or payable as rent under real property leases (including, for greater certainty, common area maintenance charges, utilities and realty taxes and any other amounts payable to the landlord under the lease) or as otherwise may be negotiated between the Applicants and the landlord from time to time ("**Rent**"), for the period commencing from and including the date of this Order. On the date of the first of such payments, any Rent relating to the period commencing from and including the date of this Order shall also be paid.

11.     **THIS COURT ORDERS** that, except as specifically permitted herein, the Applicants are hereby directed, until further Order of this Court:

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE                JOUR DE

REGISTRAR                                    GREFFIER

(a)    to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Applicants to any of their creditors as of this date;

(b)    to grant no security interests, trust, liens, mortgages, charges or encumbrances upon or in respect of any of the Property; and

(c)    to not grant credit or incur liabilities except in the ordinary course of the Business.

## RESTRUCTURING

12.    **THIS COURT ORDERS** that both of the Applicants shall, subject to such requirements as are imposed by the CCAA and subject to the terms of the Support Agreement (which remains subject to this Court's approval at the Comeback Hearing), have the right to:

(a)    continue to pursue all negotiations and discussions regarding the sale of the Property and Business, subject to prior approval of this Court being obtained before closing any such sale;

(b)    permanently or temporarily cease, downsize or shut down any of its business or operations, dispose of redundant or non-material assets not exceeding $1,500,000 in any one transaction or $3,000,000 in the aggregate, and continue to sell its Verano stock;

(c)    terminate the employment of such of its employees or temporarily lay off such of its employees as it deems appropriate; and

(d)    pursue all avenues of refinancing of its Business or Property, in whole or in part, subject to prior approval of this Court being obtained before any material refinancing.

All of the foregoing is to permit the Applicants to proceed with an orderly restructuring of the Business.

13.    **THIS COURT ORDERS** that the relevant Applicant shall provide each of the relevant landlords with notice of the Applicant's intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal. The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the landlord disputes the Applicant's entitlement to remove any such fixture under the provisions

THIS IS TO CERTIFY THAT THIS COPY, WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DES PAGES EST REVETUE DU DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE    JOUR DE

REGISTRAR                    GREFFIER

of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors, such landlord and the Applicant, or by further Order of this Court upon application by the Applicant on at least two (2) days notice to such landlord and any such secured creditors. If the Applicant disclaims the lease governing such leased premises in accordance with section 32 of the CCAA, it shall not be required to pay Rent under such lease pending resolution of any such dispute (other than Rent payable for the notice period provided for in Section 32(5) of the CCAA), and the disclaimer or resiliation of the lease shall be without prejudice to the Applicant's claim to the fixtures in dispute.

14.    **THIS COURT ORDERS** that if a notice of disclaimer is delivered pursuant to Section 32 of the CCAA, then (a) during the notice period prior to the effective time of the disclaimer, the landlord may show the affected leased premises to prospective tenants during normal business hours, on giving the Applicant and the Monitor 24 hours' prior written notice, and (b) at the effective time of the disclaimer, the relevant landlord shall be entitled to take possession of any such leased premises without waiver of or prejudice to any claims or rights such landlord may have against the Applicant in respect of such lease or leased premises, provided that nothing herein shall relieve such landlord of its obligation to mitigate any damages claimed in connection therewith.

**NO PROCEEDINGS AGAINST THE APPLICANTS OR THE SUBSIDIARIES OR THE PROPERTY**

15.    **THIS COURT ORDERS** that until and including April 2, 2026, or such later date as this Court may order (the "**Stay Period**"), no proceeding or enforcement process in any court or tribunal (each, a "**Proceeding**") shall be commenced or continued against or in respect of the Applicants or the Monitor or affecting the Business or the Property, except with the written consent of the Applicants and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Applicants or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

16.    **THIS COURT ORDERS** that during the Stay Period, except with the written consent of the Applicants and the Monitor, or with leave of this Court, no Proceeding shall be commenced or continued against or in respect of the Subsidiaries, or any of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate, and including all proceeds thereof (the "**Subsidiaries' Property**") and business (the "**Subsidiaries' Business**" and together with the Subsidiaries' Property, the "**Subsidiaries' Property and Business**"), including, without limitation, terminating or making any demand, accelerating

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE    JOUR DE

REGISTRAR    GREFFIER

amending, or declaring in default or taking any enforcement steps under any agreement with respect to which any of the Applicants or the Subsidiaries is a party, borrower, principal obligor or guarantor.

**NO EXERCISE OF RIGHTS OR REMEDIES**

17.     **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the foregoing, collectively being "**Persons**" and each being a "**Person**") against or in respect of the Applicants or the Monitor, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Applicants and the Monitor, or leave of this Court, provided that nothing in this Order shall (a) empower the Applicants to carry on any business which the Applicants are not lawfully entitled to carry on, (b) affect such investigations, actions, suits or Proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA, (c) prevent the filing of any registration to preserve or perfect a security interest, (d) prevent the registration of a claim for lien, or (e) prohibit the Supporting Noteholders (as defined in the Support Agreement) from exercising their rights to terminate the Support Agreement in accordance with the Support Agreement.

18.     **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any Person against or in respect of the Subsidiaries, or affecting the Subsidiaries' Property and Business, are hereby stayed and suspended except with the prior written consent of the Applicants and the Monitor, or leave of this Court, provided that nothing in this Order shall: (a) empower the Subsidiaries to carry on any business which they are not lawfully entitled to carry on; (b) affect such investigations, actions, suits or proceedings by regulatory body are permitted by Section 11.1 of the CCAA; (c) prevent the filing of any registration to preserve or perfect a security interest; (d) prevent the registration of a claim for lien; or (e) prohibit the Supporting Noteholders from exercising their rights to terminate the Support Agreement in accordance with the Support Agreement.

**NO INTERFERENCE WITH RIGHTS**

19.     **THIS COURT ORDERS** that during the Stay Period, no Person shall accelerate, suspend, discontinue, fail to honour, alter, interfere with, repudiate, rescind, terminate or cease to perform any right, renewal right, contract, agreement, lease, sublease, licence or permit in favour of or

THIS IS TO CERTIFY THAT THIS    LA PRÉSENT ATTEST QUE DE
WHICH IS STAMPED WITH THE    DES PAGES EST REVÊTUE DU
SEAL OF THE SUPERIOR COURT    SCEAU DE LA COUR SUPÉRIEURE
OF JUSTICE AT TORONTO, IS A    DE JUSTICE A TORONTO, EST UNE
TRUE COPY OF THE DOCUMENT    COPIE CONFORME DU DOCUMENT
ON FILE IN THIS OFFICE    CONSERVE DANS CE BUREAU
DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE, JOUR DE

REGISTRAR                              GREFFIER

held by the Applicants or Subsidiaries, except with the written consent of the Applicants and the Monitor, or leave of this Court.

**CONTINUATION OF SERVICES**

20.     **THIS COURT ORDERS** that during the Stay Period, all Persons having oral or written agreements with the Applicants or the Subsidiaries or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, cash management services, payment processing services, payroll services, insurance, transportation services, utility or other services to the Business or the Applicants are hereby restrained until further Order of this Court from discontinuing, altering, interfering with, suspending or terminating the supply of such goods or services as may be required by the Applicants and that the Applicants shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses, email addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Applicants or the Subsidiaries, as applicable, in accordance with normal payment practices of the Applicants or the Subsidiaries, as applicable, or such other practices as may be agreed upon by the supplier or service provider and each of the Applicants, the applicable Subsidiaries and the Monitor, or as may be ordered by this Court.

**NON-DEROGATION OF RIGHTS**

21.     **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of leased or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to the Applicants or Subsidiaries. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

**PROCEEDINGS AGAINST DIRECTORS AND OFFICERS**

22.     **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors, officers or managers of the Applicants or the Subsidiaries with respect to any claim against the directors, officers or managers that arose before the date

HIGHLIGHTED THIS IS A CERTIFIED TRUE COPY OF THE DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DOCUMENT, DONT CHACUNE DES PAGES EST ESTAMPILLÉE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT A TORONTO LE       JOUR DE

REGISTRAR                          GREFFIER

hereof and that relates to any obligations of the Applicants or the Subsidiaries whereby the directors or officers are alleged under any law to be liable in their capacity as directors, officers or managers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Applicants, if one is filed, is sanctioned by this Court or is refused by the creditors of the Applicants or this Court.

**DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE**

23.     **THIS COURT ORDERS** that the Applicants and the Subsidiaries shall indemnify their directors, officers and managers against obligations and liabilities that they may incur as directors or officers of the Applicants or the Subsidiaries after the commencement of the within proceedings, except to the extent that, with respect to any officer, director or manager, the obligation or liability was incurred as a result of the director's, officer's or manager's gross negligence or wilful misconduct.

24.     **THIS COURT ORDERS** that the directors, officers and managers of the Applicants and Subsidiaries shall be entitled to the benefit of and are hereby granted a charge (the "**D&O Charge**") on the Property, which charge shall not exceed an aggregate amount of $9,000,000, as security for the indemnity provided in paragraph 23 of this Order. The D&O Charge shall have the priority as set out in paragraphs 36 and 38 herein.

25.     **THIS COURT ORDERS** that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the D&O Charge, and (b) the Applicants' directors and officers shall only be entitled to the benefit of the D&O Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 23 of this Order.

**APPOINTMENT OF MONITOR**

26.     **THIS COURT ORDERS** that FTI is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Applicants with the powers and obligations set out in the CCAA or set forth herein and that the Applicants and their shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Applicants pursuant to this Order, and shall co-operate fully with the Monitor in the

DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE          JOUR DE

REGISTRAR                    GREFFIER

exercise of its powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

27.     **THIS COURT ORDERS** that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

(a)     monitor the Applicants' and Subsidiaries' receipts and disbursements;

(b)     report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property and Business, the Subsidiaries' Property and Business, and such other matters as may be relevant to the proceedings herein;

(c)     assist the Applicants, to the extent required by the Applicants, in their dissemination of financial and other information on a periodic basis;

(d)     advise the Applicants in their preparation of cash flow statements and reporting to the Supporting Noteholders as contemplated by the Support Agreement (which remains subject to this Court's approval at the Comeback Hearing), which information shall be reviewed with the Monitor;

(e)     have full and complete access to the Property and Business and the Subsidiaries' Property and Business, including the premises, books, records, data, including data in electronic form, and other financial documents of the Applicants and the Subsidiaries, to the extent that is necessary to adequately assess the Applicants and the Subsidiaries' business and financial affairs or to perform its duties arising under this Order;

(f)     be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order;

(g)     perform such other duties as are required by this Order or by this Court from time to time.

28.     **THIS COURT ORDERS** that the Monitor shall not occupy or take control, care, charge, possession or management (separately and/or collectively, "Possession") of (or be deemed to

DOCUMENT, EACH PAGE OF DOCUMENT, DONT CHACUNE SEAL OF THE SUPERIOR COURT SCEAU DE LA COUR SUPERIEURE OF JUSTICE AT TORONTO, IS A DE JUSTICE A TORONTO, EST UNE TRUE COPY OF THE DOCUMENT COPIE CONFORME DU DOCUMENT ON FILE IN THIS OFFICE CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26 FAIT A TORONTO LE JOUR DE

REGISTRAR GREFFIER

take Possession of) or exercise any control over (or be deemed to have exercised control over), any assets, properties or undertakings of any of the Applicants, the Subsidiaries or the direct or indirect subsidiaries or affiliates of any of the Applicants or the Subsidiaries, including, without limitation, the Property and the Subsidiaries' Property (collectively, the "**Excluded Property**"), including, for greater certainty, pursuant to any provision of any federal, provincial or other law respecting, among other things, the manufacturing, possession, processing or distribution of cannabis or cannabis products including, without limitation, under the *Cannabis Act* S.C. 2018, c. 16, as amended, the *Controlled Drugs and Substances Act*, S.C. 1996, c. 19, as amended, the *Excise Act*, 2001, S.C. 2002, c. 22, as amended, the *Ontario Cannabis Licence Act*, S.O. 2018, c. 12, Sched. 2, as amended, the *Ontario Cannabis Control Act*, S.O. 2017, c. 26, Sched. 1, as amended, the *Ontario Cannabis Retail Corporation Act*, 2017, S.O. 2017, c. 26, as amended, the *British Columbia Cannabis Control and Licensing Act*, S.B.C. 2018, c. 29, as amended, the *British Columbia Cannabis Distribution Act*, S.B.C. 2018, c. 28 as amended, or other such applicable federal, provincial, foreign or other legislation or regulations (collectively, the "**Cannabis Legislation**"), and shall take no part whatsoever in the management or supervision of the management of the Business or the Subsidiaries' Business, and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or the Excluded Property, or any part thereof within the meaning of any Cannabis Legislation or otherwise, and nothing in this Order shall be construed as resulting in the Monitor being an employer or successor employer within the meaning of any statute, regulation or rule of law or equity for any purpose whatsoever.

29.     **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to be in or to take Possession of any of the Excluded Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act, 1999*, the *Ontario Environmental Protection Act*, the *Ontario Water Resources Act*, or the *Ontario Occupational Health and Safety Act* and regulations thereunder (the "**Environmental Legislation**"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Monitor shall not, as a result of this Order, or anything done in pursuance of the Monitor's duties

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENTE ATTESTE QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF May 20 26
FAIT A TORONTO LE                JOUR DE

REGISTRAR                            GREFFIER

and powers under this Order, be deemed to be in Possession of any of the Excluded Property within the meaning of any Environmental Legislation, unless it is actually in possession.

30. **THIS COURT ORDERS** that the Monitor shall provide any creditor of the Applicants with information provided by the Applicants in response to reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Applicants is confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Applicants may agree.

31. **THIS COURT ORDERS** that, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, including under any Cannabis Legislation, save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

32. **THIS COURT ORDERS** that the Monitor, counsel to the Monitor, and Stikeman Elliott LLP, Weil, Gotshal & Manges LLP, Richards, Layton & Finger P.A., and Foley Hoag LLP, each as counsel to the CC Group (collectively, "**CC Counsel**"), shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, whether incurred prior to, on or subsequent to, the date of this Order by the CC Group as part of the costs of these proceedings. The Applicants are hereby authorized and directed to pay the accounts of the Monitor, counsel to the Monitor, and CC Counsel pursuant to arrangements agreed to between the CC Group and such parties. In addition, the Applicants are hereby authorized to pay to the Monitor, counsel to the Monitor, and CC Counsel retainers in the aggregate amount of $826,000 *nunc pro tunc*, to be held by them as security for payment of their respective fees and disbursements outstanding from time to time.

33. **THIS COURT ORDERS** that Goodmans LLP, Feuerstein Kulick LLP and ArentFox Schiff LLP, each as counsel to the Supporting Noteholders, shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, and on the terms in their respective fee letters with the Applicants, whether incurred prior to, on or subsequent to, the date of this Order by the CC Group as part of the costs of these proceedings.

DOCUMENT, EACH PAGE OF DOCUMENT, DON'T CHACUNE
DES PAGES EST REVETUE DU
SEAL OF THE SUPERIOR COURT SCEAU DE LA COUR SUPERIEURE
OF JUSTICE AT TORONTO, IS A DE JUSTICE A TORONTO, EST UNE
TRUE COPY OF THE DOCUMENT COPIE CONFORME DU DOCUMENT
ON FILE IN THIS OFFICE CONSERVE DANS CE BUREAU
DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE JOUR DE

REGISTRAR GREFFIER

34.    **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and its legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

## ADMINISTRATION CHARGE

35.    **THIS COURT ORDERS** that the CC Counsel, the Monitor and its counsel, SierraConstellation Partners ("**SCP**") and Moelis & Company LLC ("**Moelis**") (solely to the extent of Moelis' Monthly Advisory Fees) shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of $1,300,000, as security for their professional fees and disbursements incurred at the standard rates and charges of such Persons, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority as set out in paragraphs 36 and 38 hereof. For the avoidance of doubt, SCP and Moelis shall only be beneficiaries of the Administration Charge to the extent that their retention is approved by this Court at the Comeback Hearing.

## VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER

36.    **THIS COURT ORDERS** that the priorities of the Administration Charge and the D&O Charge (collectively, the "**Charges**"), as among them, shall be as follows:

> First - Administration Charge (to the maximum amount of $1,300,000);

> Second - D&O Charge (to the maximum amount of $9,000,000).

37.    **THIS COURT ORDERS** that the filing, registration or perfection of the Charges shall not be required, and that the Charges shall be effective as against the Property and shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

38.    **THIS COURT ORDERS** that the Charges shall constitute a charge on the Property and shall rank in priority to all other security interests, trusts, liens, charges and encumbrances, claims of secured creditors, statutory or otherwise (collectively, "**Encumbrances**") in favour of any Person notwithstanding the order of perfection or attachment, provided, however, that the Charges shall not rank ahead of Encumbrances in favour of any Persons that have not been

THIS IS TO CERTIFY THAT THIS   LA PRÉSENT ATTEST QUE CE
WHICH IS STAMPED WITH THE   DES PAGES EST REVÊTUE DU
OF JUSTICE AT TORONTO, IS A   DE JUSTICE À TORONTO, EST UNE
TRUE COPY OF THE DOCUMENT   COPIE CONFORME DU DOCUMENT
ON FILE IN THIS OFFICE   CONSERVÉ DANS CE BUREAU
DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE   JOUR DE

REGISTRAR   GREFFIER

served with notice of the application for this Order. The Applicants and the beneficiaries of the Charges shall be entitled to seek priority of the Charges ahead of such Encumbrances on a subsequent motion including, without limitation, on the Comeback Hearing (as defined below), on notice to those Persons likely to be affected thereby.

39.    **THIS COURT ORDERS** that except as otherwise expressly provided for herein, the Applicants shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with, any of the Charges, unless the Applicants also obtain the prior written consent of the Monitor, and the beneficiaries of the D&O Charge and the Administration Charge, or further Order of this Court.

40.    **THIS COURT ORDERS** that the Charges shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "**Chargees**") thereunder shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to BIA, or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal, provincial or other statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "**Agreement**") that binds the Applicants, and notwithstanding any provision to the contrary in any Agreement:

(a)    the creation of the Charges shall not create or be deemed to constitute a breach by the Applicants of any Agreement to which they are a party;

(b)    none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the creation of the Charges; and

(c)    the payments made by the Applicants pursuant to this Order, and the granting of the Charges, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPERIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE      JOUR DE

REGISTRAR                                    GREFFIER

41.    **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Applicants' interest in such real property leases.

**SERVICE AND NOTICE**

42.    **THIS COURT ORDERS** that the Monitor shall (a) without delay, publish in the Globe and Mail and Wall Street Journal, a notice containing the information prescribed under the CCAA, (b) within five (5) days after the date of this Order, (i) make this Order publicly available in the manner prescribed under the CCAA, (ii) send, in the prescribed manner, a notice to every known creditor who has a claim against the Applicants of more than $1,000, and (iii) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner, all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder, provided that the Monitor shall not make available the claims, names and addresses of any individual persons who are creditors.

43.    **THIS COURT ORDERS** that the E-Service Guide of the Commercial List (the "**Guide**") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Guide (which can be found on the Commercial List website at https://www.ontariocourts.ca/scj/practice/regional-practice-directions/eservice-commercial/) shall be valid and effective service. Subject to Rule 17.05, this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the *Rules of Civil Procedure*. Subject to Rule 3.01(d) of the *Rules of Civil Procedure* and paragraph 13 of the Guide, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL: https://cfcanada.fticonsulting.com/tcc

44.    **THIS COURT ORDERS** that subject to paragraph 43, the Applicants, the Monitor and their respective counsel are at liberty to serve or distribute this Order and other materials and orders as may be reasonably required in these proceedings, including any notices, or other correspondence, by forwarding true copies thereof by electronic message to the Applicants' creditors or other interested parties and their advisors. For greater certainty, any such distribution or service shall be deemed to be in satisfaction of a legal or judicial obligation and notice requirements within the meaning of clause 3(c) of the *Electronic Commerce Protection Regulations*, Reg. 81000-2-175 (SOR/DORS)

45.   **THIS COURT ORDERS** that if the service or distribution of documents in accordance with the Guide is not practicable, the Applicants and the Monitor are at liberty to serve or distribute this Order, any other materials and orders in these proceedings, any notices or other correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal delivery or facsimile transmission to the Applicants' creditors or other interested parties at their respective addresses as last shown on the records of the Applicants and that any such service or distribution by courier, personal delivery or facsimile transmission shall be deemed to be received on the next business day following the date of forwarding thereof, or if sent by ordinary mail, on the third business day after mailing.

**CHAPTER 15 PROCEEDINGS**

46.   **THIS COURT ORDERS** that the Parent Company is hereby authorized and empowered, but not required, to act as the foreign representative (in such capacity, the "**Foreign Representative**") in respect of the within proceedings for the purpose of having these proceedings recognized and approved in any jurisdiction outside of Canada.

47.   **THIS COURT ORDERS** that the Foreign Representative is hereby authorized and empowered, but not required, to apply for recognition and approval of these proceedings, as necessary, in any jurisdiction outside of Canada including, without limitation, the United States Bankruptcy Court for the District of Delaware (the "**U.S. Bankruptcy Court**") pursuant to Chapter 15 of the US Bankruptcy Code. The Foreign Representative is authorized to apply for recognition and enforcement of this Order and any subsequent Orders of this Court in the United States with respect to any Proceeding taking place in the United States, any Business or Property of the Applicants or any Subsidiaries' Property and Business located or being conducted within the United States, and any Person located or acting within the United States, as applicable.

**COMEBACK HEARING**

48.   **THIS COURT ORDERS** that the return hearing for the amendment and restatement of this Order (such hearing, the "**Comeback Hearing**") shall be heard on April 2, 2026.

**SEALING PROVISION**

49.   **THIS COURT ORDERS** that Confidential Exhibit "I" to the Kroll Affidavit and Confidential Exhibit "D" to the Kassel Affidavit are hereby sealed until the earlier of (a) May 24, 2026, (b) the filing of a motion by the Applicants seeking approval of the Remaining States Transaction and

THIS IS TO CERTIFY THAT THIS / LA PRÉSENT ATTEST QUE CE / WHICH IS STAMPED WITH THE / DES PAGES EST REVÊTUE DU / SEAL OF THE SUPERIOR COURT / SCEAU DE LA COUR SUPERIEURE / OF JUSTICE AT TORONTO, IS A / DE JUSTICE A TORONTO, EST UNE / TRUE COPY OF THE DOCUMENT / COPIE CONFORME DU DOCUMENT / ON FILE IN THIS OFFICE / CONSERVE DANS CE BUREAU / DATED AT TORONTO THIS 24 DAY OF March 20 26 / FAIT À TORONTO LE JOUR DE / REGISTRAR / GREFFIER

(c) further Order of the Court, and Confidential Exhibit "F" to the Kassel Affidavit is hereby sealed until the earlier of (i) the return hearing for the Delaware and Ohio Sale Approval Motion; and (ii) further Order of the Court, and Confidential Exhibit "J" to the Kroll Affidavit is hereby sealed until the earlier of (x) the Comeback Hearing; and (y) further Order of the Court, and each shall not form part of the public record until such time.

**GENERAL**

50.    **THIS COURT ORDERS** that the Applicants or the Monitor may from time to time apply to this Court to amend, vary or supplement this Order or for advice and directions in the discharge of their powers and duties hereunder.

51.    **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of the Applicants, the Business or the Property.

52.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States, including the U.S. Bankruptcy Court, to give effect to this Order and to assist the Applicants, the Subsidiaries, the Foreign Representative, the Monitor and their respective agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Foreign Representative, the Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to give effect to this Order, to grant representative status to the Monitor in any foreign proceeding, or to assist the Foreign Representative, the Applicants and the Monitor and their respective agents in carrying out the terms of this Order.

53.    **THIS COURT ORDERS** that any interested party (including the Applicants and the Monitor) may apply to this Court to vary or amend this Order on not less than seven (7) days notice to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE          JOUR DE

REGISTRAR                    GREFFIER

54.   **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order.

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE             JOUR DE

LA PRÉSENT ATTEST QUE CE
DOCUMENT. DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

REGISTRAR                          GREFFIER

## SCHEDULE "A"

**Subsidiaries**

1. Columbia Care LLC

2. Beacon Holdings LLC

3. Columbia Care Illinois LLC

4. Columbia Care Maryland LLC

5. Access Bryant SPC

6. CC CA Realty LLC

7. CC California LLC

8. CA Care LLC

9. TGS Colorado Management, LLC

10. Columbia Care CO Inc.

11. MJ Brain Bank, LLC

12. Futurevision Ltd.

13. Infuzionz, LLC

14. Rocky Mountain Tillage, LLC

15. The Green Solution, LLC

16. Columbia Care Delaware, LLC

17. Col. Care (Delaware) LLC

18. La Yerba Buena LLC

19. Columbia Care DE Management, LLC

20. Equity Health Partners DE LLC

21. Peach Blossom Partners LLC

22. The Green Room Social Equity Partners LLC

23. Curative Health Cultivation LLC

24. Curative Health LLC

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE     JOUR DE

REGISTRAR     GREFFIER

25. Columbia Care MD, LLC

26. Columbia Care MD Realty, LLC

27. Time for Healing, LLC

28. Green Leaf Management, LLC

29. Green Leaf Extracts, LLC

30. Wellness Institute of Maryland, LLC

31. Patriot Care Corp.

32. Columbia Care NJ Realty LLC

33. Columbia Care New Jersey LLC

34. Columbia Care NY LLC

35. Columbia Care NY Realty LLC

36. CC Logistics Services LLC

37. Cannascend Alternative Logan LLC

38. Cannascend Alternative, LLC

39. CC OH Realty LLC

40. Columbia Care OH LLC

41. Corsa Verde LLC

42. Green Leaf Medical of Ohio II, LLC

43. Green Leaf Medical of Ohio III, LLC

44. CC PA Realty LLC

45. Green Leaf Medicals, LLC

46. Columbia Care WV LLC

47. Columbia Care International Holdco LLC

48. Columbia Care Deutschland GmbH

49. Green Leaf Medical LLC

50. CC Procurement LLC

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

JOUR DE

REGISTRAR                    GREFFIER

51. Avum LLC

52. Tetra Holdings LLC

53. Tetra FinCo LLC

54. PHC Facilities, Inc.

55. CC VA HoldCo LLC

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT
ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVE DANS CE BUREAU

DATED AT TORONTO THIS 24 DAY OF March 20 26
FAIT À TORONTO LE         JOUR DE

REGISTRAR                              GREFFIER

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF THE CANNABIST COMPANY HOLDINGS INC. AND THE CANNABIST COMPANY HOLDINGS (CANADA) INC.

Court File No. CL-26-00000122-0000

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(COMMERCIAL LIST)**

PROCEEDING COMMENCED AT TORONTO

**INITIAL ORDER**
**(MARCH 24, 2026)**

**STIKEMAN ELLIOTT LLP**
Barristers & Solicitors
5300 Commerce Court West
199 Bay Street
Toronto, Canada M5L 1B9

**Lee Nicholson** LSO#: 66412I
Email: leenicholson@stikeman.com
Tel: +1 416-869-5604

**Philip Yang** LSO#:82084O
Email: PYang@stikeman.com
Tel: +1 416-869-5593

**Brittney Ketwaroo** LSO#: 89781K
Email: bketwaroo@stikeman.com
Tel: +1 416-869-5524

Lawyers for the Applicants