**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-------------------------------------------------------------- x
                                                               :
In re:                                                         :        **Chapter 15**
                                                               :
**THE CANNABIST COMPANY**                                      :        **Case No. 26– 10426 (BLS)**
**HOLDINGS INC.,** *et al.,*                                   :
                                                               :
    **Debtors in a Foreign Proceeding.**[1]                    :        **(Jointly Administered)**
                                                               :
-------------------------------------------------------------- x        **Re: D.I. 5**

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN**
**PROCEEDING AND REQUEST FOR CERTAIN RELATED RELIEF**

Upon consideration of the *Motion for Recognition of Foreign Proceeding and Certain Related Relief* (the "**Motion**"[2] and, together with each of the Debtors' *Voluntary Chapter 15 Petition* (the "**Chapter 15 Petitions**"), the "**Verified Petitions**") of The Cannabist Company Holdings Inc. ("**The Cannabist Company**"), in its capacity as the authorized foreign representative (the "**Foreign Representative**") of the above-captioned debtors (the "**Debtors**") pursuant to sections 105(a), 362, 363, 364, 365, 549, 552, 1504, 1507, 1510, 1515, 1517, 1520, 1521, and 1522 of title 11 of the United States Code (the "**Bankruptcy Code**"), for an order (i) granting recognition of the Canadian Proceeding as a "foreign main proceeding" or, in the alternative, a "foreign nonmain proceeding" pursuant to chapter 15 of the Bankruptcy Code, (ii) granting recognition of the Foreign Representative as the "foreign representative," as defined

---

[1]    The Debtors in the Chapter 15 Cases, together with the last four digits of their federal tax identification number or Canadian business number, as applicable, are: (i) The Cannabist Company Holdings Inc. (8978) and (ii) The Cannabist Company Holdings (Canada) Inc. (9428).  The location of the Parent Company's registered office and the Debtors' service address is: 666 Burrard St #1700, Vancouver, British Columbia V6C 2X8, Canada. Additional information may be obtained on the website of the Debtors' information agent at https://www.veritaglobal.net/CCGroup.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

in section 101(24) of the Bankruptcy Code in respect of the Canadian Proceeding, (iii) recognizing, granting comity to, and giving full force and effect in the United States to the Canadian Proceeding, (iv) enjoining parties from taking any action that is otherwise inconsistent with the Canadian Proceeding and the related orders entered by the Canadian Court, and (v) granting such other relief as the Court deems just and proper, all as more fully set forth in the Verified Petitions; and this Court having held a hearing, if any, to consider the relief requested in the Verified Petitions (the "**Hearing**"); and upon consideration of the CRO Declaration and the Nicholson Declaration, the record of the Hearing, and all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

C.      This is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court may enter a final order consistent with Article III of the United States Constitution.

D.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

E.      The Debtors have property in the United States, and the Debtors are eligible to be debtors in a chapter 15 case pursuant to, as applicable, sections 109 and 1501 of the Bankruptcy Code.

F.      This case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

G.      The Foreign Representative is a duly appointed "foreign representative" of the Debtors as such term is defined in section 101(24) of the Bankruptcy Code.

H.      The Foreign Representative is a corporation and, thus, a "person" as such term is defined in section 101(41) of the Bankruptcy Code.

I.      The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

J.      The Canadian Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

K.      The Canadian Proceeding is pending before the Canadian Court in Canada, where each of the Debtors has its "center of its main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code and, as such, the Canadian Proceeding is entitled to recognition as a "foreign main proceeding" pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

L.      The Canadian Proceeding is entitled to recognition by this Court pursuant to sections 1515 and 1517(a) of the Bankruptcy Code.

M.      The Debtors and the Foreign Representative (i) are entitled to relief set forth in section 1520 of the Bankruptcy Code, subject to the limitation(s) stated therein, (ii) are entitled to all of the relief granted herein, and (iii) may seek relief under sections 1507 and 1521(a) of the Bankruptcy Code, subject to the limitation(s) stated therein.

N. The relief granted hereby is authorized under the Bankruptcy Code.

O. Absent the requested relief, the efforts of the Debtors, the Canadian Court, and the Foreign Representative in conducting the Canadian Proceeding and the restructuring process thereunder and Canadian law may be frustrated by the actions of individual creditors, a result contrary to the purposes of chapter 15.

P. The findings and determinations set forth in the Provisional Relief Order are confirmed on a final basis and incorporated by reference.

Q. Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on, the Verified Petitions was given, which notice was adequate for all purposes, and no further notice need be given.

R. All creditors and other parties in interest, including the Debtors, are sufficiently protected by the grant of relief ordered hereby in accordance with section 1522(a) of the Bankruptcy Code.

For all the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Verified Petitions are granted, and all objections, if any, to the Motion or the relief requested therein are hereby overruled in their entirety, on their merits, and with prejudice.

2. The relief requested by the Motion is granted to the extent set forth herein.

3. The Canadian Proceeding is granted recognition as a foreign main proceeding as defined in section 101(23) of the Bankruptcy Code pursuant to section 1517(a) of the Bankruptcy Code.

4. The Cannabist Company is the duly appointed foreign representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code, and is authorized to act on behalf of the Debtors in the Chapter 15 Cases.

5. Pursuant to section 1520 of the Bankruptcy Code:

a. The automatic stay set forth in section 362 of the Bankruptcy Code applies with respect to the Debtors and the Debtors' property that is within the territorial jurisdiction of the United States;

b. Sections 363, 549, and 552 of the Bankruptcy Code apply to a transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;

c. Unless otherwise ordered by the Court, the Foreign Representative may operate the Debtors' business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code; and

d. Section 552 of the Bankruptcy Code applies to the Debtors' property that is within the territorial jurisdiction of the United States.

6. The provisions of section 1520 of the Bankruptcy Code shall apply (including any limitations therein) throughout the duration of the proceeding or until otherwise ordered by this Court, including the automatic stay authorized by section 362 of the Bankruptcy Code.

7. The Canadian Proceeding is a collective, court-supervised proceeding governed in accordance with applicable Canadian law, as it may be amended from time to time, and is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code and is entitled to the protections of section 1520(a) of the Bankruptcy Code (subject to any limitations therein), including the application of the protection afforded by the automatic stay under section 362 of the Bankruptcy Code to the Debtors and to the Debtors' property within the territorial jurisdiction of the United States.

8. Upon entry of this Order the Initial Order is hereby enforced, granted comity, and given full force and effect, on a final basis, in the United States and, among other things:

a. The protections of sections 362 and 365(e) of the Bankruptcy Code apply to the Debtors;

b. Solely to the extent provided (and subject to any limitations contained) in the Initial Order, and subject to paragraph 9 of this Order, all persons and entities are enjoined from seizing, attaching, and enforcing or executing liens or judgments against the Stay Parties' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Stay Parties' assets or agreements in the United States without the express consent of the Foreign Representative;

c. Solely to the extent provided (and subject to any limitations contained) in the Initial Order, and subject to paragraph 9 of this Order, all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against the Stay Parties or their assets or proceeds thereof in the United States, or to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against the Stay Parties or their assets or proceeds thereof in the United States;

d. Solely to the extent provided (and subject to any limitations contained) in the Initial Order, and subject to paragraph 9 of this Order, all persons and entities are enjoined from creating, perfecting, seizing, attaching, enforcing, or executing liens or judgments against the Stay Parties' property in the United States or from transferring, encumbering or otherwise disposing of or interfering with the Stay Parties' assets or agreements in the United States without the express consent of the Foreign Representative;

e. Solely to the extent provided (and subject to any limitations contained) in the Initial Order, all persons and entities who are counterparties to a lease of premises or other executory contract that the Debtors or their direct and indirect subsidiaries are party to or guarantor of property located within the United States are hereby prohibited from taking any steps to cancel, terminate, or modify such leases or executory contracts for any reason, including non-payment of rent and/or due to any provision in such contract or lease that conditioned upon commencement of the Canadian Proceeding or a case under the Bankruptcy Code or the insolvency or financial condition of the Debtors or any of their affiliates; enforcing any "landlord lien", possessory lien or similar lien against any property of the Debtors and their non-Debtor affiliates; changing the locks or codes on any such

premises; or commencing or continuing any eviction or similar proceedings; and

f.  Solely to the extent provided in the Initial Order, throughout the Canadian Proceeding, (i) the Debtors and their non-Debtor affiliates shall not incur any further expenses throughout the Canadian Proceeding related to any filings that may be required by any federal, state or other law respecting securities or capital markets in the United States, or by the rules and regulations of an over the counter market; and (ii) the persons and/or entities responsible for such filings shall not have any personal liability for the Debtors' failure to make such filings.

9.  The rights of parties in interest to seek relief from the injunctions or stays provided by this Order are reserved.

10.  Notwithstanding the entry of this Order, all rights of East West Bank ("**EWB**") to object to recognition of the Canadian Proceeding and Initial Order (solely as it applies to EWB) or to seek relief to lift or modify the stay provided by this Order are fully reserved, and all defenses, rights, and arguments of the Debtors, the Foreign Representative, the CC Group, and the Monitor with respect thereto are reserved. Notwithstanding entry of this Order, if, following good faith negotiations among EWB and the Debtors that do not result in agreed upon definitive documentation that provides for a resolution of matters amongst the parties by May 26, 2026 (which date may be extended by email agreement between the Foreign Representative and EWB), (i) EWB may elect, by providing written notice to the Foreign Representative, to proceed with its objection (solely with respect to the application of this Order to EWB), (ii) EWB and the Foreign Representative shall meet and confer and agree to an expedited hearing in respect of such objection, (iii) at any such hearing, the Foreign Representative shall have the burden to prove that recognition of the stay granted by the Canadian Court as it applies to East West Bank is appropriate, and (iv) if EWB's objection is sustained, such objection shall be sustained solely with respect to EWB, and the terms of this Order shall otherwise remain in full force and effect as to all

other parties.  Pending any such hearing, the stay recognized and granted under this Order shall continue to apply to EWB.

11.    The administration, realization, and distribution of all or part of the Debtors' assets within the territorial jurisdiction of the United States is entrusted to the Foreign Representative, and the Foreign Representative is established as the exclusive representative of the Debtors in the United States.

12.    Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted by this Court pursuant to the Provisional Relief Order shall remain in full force and effect on a final basis.

13.    The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules, Local Rules, or orders of this Court.

14.    No action taken by the Foreign Representative, the Debtors, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Canadian Proceeding, this Order, the Chapter 15 Cases, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded to such persons under sections 306 and 1510 of the Bankruptcy Code.

15.    This Order does not alter the limitations set forth in section 1521(f) of the Bankruptcy Code.

16.    All persons and entities subject to the jurisdiction of the United States are enjoined and restrained from taking any actions inconsistent with the Initial Order or interfering with the enforcement and implementation of the Initial Order.

17. The Foreign Representative shall serve, or cause to be served, this Order on the Notice Parties (as defined in the Scheduling Order) in accordance with the procedures set forth in the Scheduling Order.

18. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted by this Order.

19. This Order is without prejudice to the Foreign Representative requesting any additional relief in the Chapter 15 Cases.

20. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

21. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 US.C. § 158(a).

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

Dated: May 9th, 2026
Wilmington, Delaware